**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                                            )
ELECTRONIC PRIVACY                         )
INFORMATION CENTER,                        )
                                                            )
              Plaintiff,                              )
                                                            )
       v.                                                 )          Case No. 1:11-cv-290 (RWR)
                                                            )
THE UNITED STATES TRANSPORTATION   )
SECURITY ADMINISTRATION,             )
                                                            )
              Defendant.                            )
_____)

### ANSWER

        Defendant United States Transportation Security Administration ("TSA"), by and

through undersigned counsel, respectfully answers the Complaint as follows:

        1.        This paragraph contains a characterization of Plaintiff's Complaint, which speaks

for itself, and to which no response is required.  To the extent a response is required, admit that

Plaintiff is suing Defendant under the Freedom of Information Act ("FOIA"), but deny that

Defendant is liable to Plaintiff.

        2.        This paragraph contains a characterization of Plaintiff's Complaint, which speaks

for itself, and to which no response is required.

        3.        This paragraph contains a characterization of Plaintiff's underlying FOIA

requests.  The FOIA requests, which are attached as Exhibits A and B, speak for themselves, and

no response is required.

        4.        Defendants admit that EPIC filed the first of the two requests at issue in this

action in June 2010, and that TSA has not yet, as of the date of this pleading, disclosed any

records to EPIC in response to the two FOIA requests at issue.  As to the final allegation in this paragraph, the term "agency deadlines" is vague and as such, defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation; moreover, this allegation is a conclusion of law, to which no response is required.

5.      This paragraph contains Plaintiff's characterizations of the relief it seeks in this action, to which no response is required.

6.      Admit that on February 1, 2011, TSA began testing automated target recognition (ATR) software on its Advanced Imaging Technology (AIT) machines at Las Vegas McCarran International Airport.

7.      Admit that TSA has begun testing ATR software on AIT machines at Hartsfield Jackson Atlanta International Airport and Ronald Reagan Washington National Airport.

8.      The term "body scanner vendors" is vague and as such, defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation.

9.      Paragraph 10 is plaintiff's characterization of TSA's and manufacturers' statements regarding the ATR software, to which no response is required.  To the extent a response is deemed required, deny except to admit that ATR-enabled AIT units deployed at airports are not capable of storing, printing, or transmitting images.  The word "capturing" is vague and as such, defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation.

10.      Paragraph 10 is plaintiff's characterization of TSA statements regarding the ATR software, to which no response is required.  To the extent a response is deemed required, deny except to admit that TSA has stated on its blog that the ATR software "automatically detects potential threats and show their location on a generic image of a person," and ATR-enabled units

deployed at airports are not capable of storing, printing, or transmitting images.  The word

"capture" is vague and as such, defendant lacks knowledge or information sufficient to form a

belief as to the truth of the allegation.

11.     This paragraph contains plaintiff's characterizations of the relief it seeks in this

action, to which no response is required.

### Jurisdiction and Venue

12.     This paragraph contains plaintiff's allegations concerning jurisdiction and venue,

which are conclusions of law, to which no response is required.

### Parties

13.     The first five sentences of this paragraph contain Plaintiff's characterizations of

itself, its purpose, and its activities, to which no response is required. To the extent a response is

deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the allegations.  The sixth sentence in this paragraph is Plaintiff's characterization of this

Court's findings in an unrelated case involving Plaintiff; those findings speak for themselves and

Defendant respectfully refers the Court to the cited opinion for a complete and accurate

statement of its contents.

14.     Admit.

### Facts

### DHS is Implementing Full Body Scanner Technology as Primary Screening for Air Travelers

15.     Admit that in 2007 and 2008, TSA began deploying advanced imaging

technology ("AIT") machines in limited field trials at United States airports as secondary

screening units.

16.     Admit that AIT machines can be calibrated to produce three-dimensional images of individuals.  The term "detailed" is vague and is Plaintiff's characterization of the images produced by these machines, to which no response is required.

17.     The term "experts" is vague and, as such, defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation.

18.     Admit that TSA uses AIT systems to screen a percentage of passengers before they enter the sterile area at airports at which AIT systems have been deployed.

19.     Admit.

20.     Admit that TSA has stated that AIT systems would not be mandatory for passengers and that images produced by the AIT systems deployed at the airports cannot be stored, transmitted, or printed.

21.     Deny except to admit that that images produced by AIT systems can be stored and transmitted only when in test mode at testing facilities.

22.     Deny.

23.     Deny.

24.     Admit only that the House of Representatives passed H.R. 2200 on June 4, 2009. The remainder of this paragraph contains Plaintiff's characterizations of H.R. 2200, to which no response is required.  To the extent that a response is required, Defendant respectfully refers the Court to the text of H.R. 2200, which speaks for itself.

25.     Admit only that H.R. 2200 was referred to the Senate Committee on Commerce, Science, and Transportation on June 4, 2009.  As to the second sentence, deny; H.R. 2200 is no longer pending pursuant to the adjournment of the 111th Congress.

26.    Admit that TSA has installed approximately 446 AIT machines, which include both "backscatter" and "millimeter wave" machines, since June 2009.

27.    Admit that on July 2, 2010, in the U.S. Court of Appeals for the D.C. Circuit, EPIC filed a petition for review concerning AIT.  Defendant respectfully refers the Court to EPIC's petition for a complete and accurate statement of its contents.

**ATR Software Is Being Developed for Use in Airports Across the  United States**

28.    Admit that a version of ATR software is currently in use at Schiphol Airport in Amsterdam, the Netherlands.

29.    Admit that on April 30, 2010, a posting to the TSA Blog stated that development of ATR software was underway and that it would be followed by testing to ensure that such software would meet TSA's detection standards.

30.  Admit that on September 17, 2010, a posting to the TSA Blog stated that TSA had "just started" testing ATR software.

31.  Admit.

**EPIC's First FOIA Request**

32.    Admit.  Defendant further avers that EPIC's request was received by the TSA FOIA office on June 24, 2010.

33.    Admit that EPIC, in its letter dated June 15, 2010, requested "News Media" fee status.  To the extent that EPIC alleges that it is a "representative of the news media," such an allegation is a conclusion of law to which no response is required.

34.    Admit that EPIC, in its letter dated June 15, 2010, requested a waiver of all duplication fees.

35.     Deny.

36.     Admit that TSA's then-FOIA Officer, Kevin J. Janet, wrote a letter to EPIC on June 24, 2010 acknowledging receipt of EPIC's request, and stating that TSA would invoke the 10-day extension allowed by 5 U.S.C. § 552(a)(6)(B) because EPIC's request sought numerous documents that would require a wide-ranging search.  Defendant further avers that Mr. Janet invited EPIC to narrow the scope of its request, and stated that TSA would make every effort to comply with EPIC's request in a timely manner.

37.     Admit only that Mr. Janet's letter of June 24, 2010 notified EPIC that EPIC would be charged 10 cents per page for duplication, although the first 100 pages would be free given EPIC's status as a media requestor.  The remainder of this paragraph is a conclusion of law to which no response is required.  Defendant further avers that TSA later notified EPIC that its fee waiver request was granted.

38.     Admit.

39.     Admit that on October 5, 2010, EPIC transmitted a letter to Kimberly Walton, Special Counselor for TSA, stating it was appealing "TSA's failure to disclose records" and "TSA's Denial of Fee Waiver."

40.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation; however, Defendant avers that that EPIC's letter of October 5, 2010 was received by the TSA FOIA Office on October 14, 2010.

41.     Admit that TSA's FOIA Office sent EPIC a letter dated October 18, 2010 that contains the quoted excerpts, with the exception of the bracketed portions.

42.     Admit.

43.     Admit that TSA's FOIA Office sent EPIC a letter dated October 18, 2010 that contains the quoted excerpts, with the exception of the bracketed portions, and stating that TSA would invoke the 10-day extension allowed by 5 U.S.C. § 552(a)(6)(B), and would make every effort to comply with EPIC's request in a timely manner.

44.     Admit.

45.     This paragraph contains a legal conclusion to which no response is required.  To the extent that a response is deemed required, deny that the letter "unlawfully place[d] EPIC's appeal in a queue for processing FOIA requests[.]"

46.     Admit only that the Complaint was filed more than thirty working days after the TSA FOIA Office received EPIC's letter of October 5, 2010, and that through the date of the Complaint, Defendant did not provide EPIC with a response indicating whether it possessed responsive records that could be released under FOIA.  Defendant avers, however, that it sent EPIC two responses to its October 5 letter, the first of which stated that TSA was receiving an increasing number of FOIA requests and could encounter some delay in processing EPIC's request, and invited EPIC to narrow the scope of its request, and the second of which granted EPIC's fee waiver request.

47.     Admit only that through the date of the Complaint, TSA did not make a determination as to whether it possessed responsive records that could be released under FOIA. Defendant avers, however, that it made determinations as to EPIC's request for "news media" fee status as well as to its fee waiver request.

48.     Admit that through the date of the Complaint, TSA did not produce any documents in response to EPIC's First FOIA Request.

**EPIC's Second FOIA Request**

49.     Admit.

50.     Admit that EPIC, in its letter dated October 5, 2010, requested expedited
processing of its FOIA request on the basis stated.  To the extent that EPIC alleges that its
request met the criteria for expedited processing under 5 U.S.C. § 552(a)(6)(E), such an
allegation is a conclusion of law to which no response is required.  To the extent a response is
deemed required, deny.

51.     Admit that EPIC, in its letter dated October 5, 2010, requested "News Media" fee
status.  To the extent that EPIC alleges that it is a "representative of the news media," such an
allegation is a conclusion of law to which no response is required.

52.     Admit.

53.     Deny.

54.     Admit that on October 20, 2010, DHS Disclosure and FOIA Operations Manager
Sabrina Burroughs wrote to EPIC, acknowledging receipt of EPIC's Second FOIA Request and
informing EPIC that the request was being referred to TSA.  Admit that DHS assigned EPIC's
Second FOIA Request the case number DHS/OS/PRIV 11-0042.

55.     Admit.

56.     Admit.

57.     Admit.

58.     Admit that on December 14, 2010, EPIC transmitted a letter to Kimberly Walton,
Special Counselor for TSA, in which it stated it was appealing "TSA's failure to disclose
records" as well as "TSA's Denial of Fee Waiver" and "TSA's Denial of Expedited Processing."

59.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation; however, Defendant avers that the TSA FOIA Office received EPIC's letter of December 14, 2010 on December 27, 2010.

60.     Admit that TSA's FOIA Office sent EPIC a letter on December 27, 2010 that contained the quoted excerpts, with the exception of the bracketed portions.

61.     Admit.

62.     Admit that TSA's FOIA Office sent EPIC a letter dated December 27, 2010 that contains the quoted excerpts, with the exception of the bracketed portions, and that states that TSA would invoke the 10-day extension allowed by 5 U.S.C. § 552(a)(6)(B).

63.     This paragraph contains a legal conclusion to which no response is required.  To the extent that a response is deemed required, deny that the letter "unlawfully place[d] EPIC's appeal in a queue for processing FOIA requests[.]"

64.     Defendant lacks knowledge or information sufficient to form a belief as to whether the Complaint was filed more than thirty working days after TSA received EPIC's letter of December 14, 2010.  Admit only that through the date of the Complaint, Defendant did not provide EPIC with a response indicating whether it possessed responsive records that could be released under FOIA.  Defendant avers, however, that it sent EPIC a response to its October 5 letter; this response indicated that TSA was receiving an increasing number of FOIA requests and could encounter some delay in processing EPIC's request, and invited EPIC to narrow the scope of its request.

65.     Admit only that through the date of the Complaint, TSA did not make a determination as to whether it possessed responsive records that could be released under FOIA.

Defendant avers, however, that it made determinations as to EPIC's request for "news media"

fee status as well as to its fee waiver request.

66.     Admit that through the date of the Complaint, TSA did not produce any

documents in response to EPIC's Second FOIA Request.

**Count I**
**Violation of the FOIA: Failure to Comply With Statutory Deadlines and Wrongful**
**Withholding of Agency Records in Regard to EPIC's First FOIA Request**

67.     This paragraph realleges and incorporates all preceding paragraphs.  To the extent

a response is deemed required, Defendant respectfully refers the Court to its responses to specific

preceding paragraphs.

68.     This paragraph contains a legal conclusion to which no response is required.  To

the extent a response deemed required, deny.

69.     This paragraph contains a legal conclusion to which no response is required.  To

the extent a response is deemed required, deny.

70.     This paragraph contains a legal conclusion to which no response is required.  To

the extent a response is deemed required, deny.

71.     This paragraph contains legal conclusions regarding plaintiff's entitlement to

injunctive relief, to which no response is required.  To the extent a response is deemed required,

deny.

**Count II**
**Violation of the FOIA: Failure to Comply With Statutory Deadlines and Wrongful**
**Withholding of Agency Records in Regard to EPIC's Second FOIA Request**

72.     This paragraph realleges and incorporates all preceding paragraphs.  To the extent

a response is deemed required, Defendant respectfully refers the Court to its responses to specific

preceding paragraphs.

73.     This paragraph contains a legal conclusion to which no response is required.  To the extent a response deemed required, deny.

74.     This paragraph contains a legal conclusion to which no response is required.  To the extent a response is deemed required, deny.

75.     This paragraph contains a legal conclusion to which no response is required.  To the extent a response is deemed required, deny.

76.     This paragraph contains legal conclusions regarding plaintiff's entitlement to injunctive relief, to which no response is required.  To the extent a response is deemed required, deny.


Except to the extent expressly admitted or qualified above, Defendants deny each and every allegation of the Complaint.  Defendant further denies that Plaintiff is entitled to any relief whatsoever.

The remainder of the Complaint is a prayer for relief to which no response is required.  If a response is required, defendant denies that plaintiff is entitled to the relief requested or to any relief at all.

## **Requested Relief**

WHEREFORE, having fully answered the Complaint, defendant prays that the Court:

1.     Deny Plaintiff's request to order Defendant to make a complete determination regarding EPIC's FOIA Requests within ten days of the date of the Court's Order in this matter;

2.     Deny Plaintiff's request to order Defendant to conduct an adequate search for agency records responsive to EPIC's FOIA Requests within five working days of the date of the Court's Order in this matter;

3.      Deny Plaintiff's request to order Defendant to produce all responsive agency records to EPIC's FOIA Requests within ten days of the Court's Order in this matter;

4.      Deny Plaintiff's request for an award of costs and reasonable attorneys' fees incurred in this action;

5.      Deny all other relief sought by Plaintiff;

6.      Enter judgment dismissing the Complaint with prejudice; and

7.      Award Defendant such relief as the Court may deem appropriate.


Date: March 16, 2011                                Respectfully submitted,

                                                    TONY WEST
                                                    Assistant Attorney General

                                                    RONALD C. MACHEN JR.
                                                    United States Attorney for
                                                    the District of Columbia

                                                    ELIZABETH J. SHAPIRO
                                                    Deputy Branch Director

                                                     /s/ Jesse Z. Grauman
                                                    JESSE Z. GRAUMAN (Va. Bar No. 76782)
                                                    U.S. Department of Justice
                                                    Civil Division, Federal Programs Branch

                                                    Mailing Address:
                                                    Post Office Box 883
                                                    Washington, D.C.  20044

                                                    Courier Address:
                                                    20 Massachusetts Ave., N.W., Room 5374
                                                    Washington, D.C. 20001

                                                    Telephone:      (202) 514-2849
                                                    Fax:            (202) 616-8460
                                                    Email:          jesse.z.grauman@usdoj.gov

                                                    Attorneys for Defendants