# EXHIBIT A

**epic.org**

TSA FOIA DIVISION - 571-227-2300
FOIA CASE NO: TSA 10-0609
RECEIVED: JUN 24 2010
SUSPENSE DATE:
SPECIAL INSTRUCTIONS:

June 15, 2010

**VIA CERTIFIED MAIL**
FOIA Officer
Transportation Security Agency
U.S. Department of Homeland Security
601 South 12th Street
Arlington, VA, 20598

1718 Connecticut Ave NW
Suite 200
Washington DC 20009
USA
+1 202 483 1140 [tel]
+1 202 483 1248 [fax]
www.epic.org

RE: Freedom of Information Act Request and Request for Expedited Processing

Dear FOIA/PA Officer:

This letter constitutes a request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and is submitted on behalf of the Electronic Privacy Information Center ("EPIC"). EPIC seeks agency records concerning the automated target recognition ("ATR") requirements that the Transportation Security Administration ("TSA") provided to manufacturers of full body scanners ("FBS") for future deployment in American airports.

Background

On April 21, 2010, EPIC and thirty other organizations sent a petition for suspension of the Full Body Scanner program to Janet Napolitano, Secretary of the Department of Homeland Security ("DHS"), and Mary Ellen Callahan, Chief Privacy Officer of DHS.[1] The petition highlighted several problems with the FBS program and with the body scanners themselves.[2] The FBS program infringes passengers' rights under the Fourth Amendment, the Religious Freedom Restoration Act ("RFRA"), and the Privacy Act of 1974.[3] In addition, EPIC argued that FBS exceeds TSA's authority under the Administrative Procedures Act (APA).[4] Finally, EPIC highlighted the health concerns surrounding the FBS program and its effects upon passengers.[5]

---

[1] ELECTRONIC PRIVACY INFORMATION CENTER ET. AL., Petition for Suspension of TSA Full Body Scanner Program, (Apr. 21, 2010), http://epic.org/privacy/airtravel/backscatter/petition_042110.pdf.
[2] Id.
[3] Id. at 7-8.
[4] Id. at 8.
[5] Id.

1

In its response letter, the TSA disclosed that it has "worked closely" with Dutch authorities and ATR manufacturers.[6] TSA also included a letter to Senator Susan Collins further detailing the timetable for ATR deployment.[7] On its blog, the TSA claims that it is working with manufacturers concerning ATR technology. The TSA has solicited bids from manufacturers for the ATR project.[8] However, the solicitation notice does not explicitly describe the level of analysis the TSA requires for the ATR program.[9]

Given the ongoing legal and medical concerns regarding the FBS program, any modification to the program is of prime importance to air travelers within the United States. Given that TSA conceded that FBS machines can in fact retain passenger scans, despite initial claims to the contrary,[10] it is imperative that travelers are given accurate information regarding the ATR specifications requested by TSA.

Documents Requested

EPIC requests the following agency records (including but not limited to electronic records):

1) All specifications provided by TSA to automated target recognition manufacturers concerning automated target recognition systems.

2) All records concerning the capabilities, operational effectiveness, or suitability of automated target recognition systems, as described in Secretary Napolitano's letter to Senator Collins.[11]

3) All records provided to TSA from the Dutch government concerning automated target recognition systems deployed in Schiphol Airport, as described in Secretary Napolitano's letter to Senator Collins.[12]

4) All records evaluating the FBS program and determining automated target recognition requirements for nationwide deployment, as described in Secretary Napolitano's letter to Senator Collins.[13]

---

[6] Francine J. Kerner, Letter in Response to Petition for Suspension of TSA Full Body Scanner Program, (May 28, 2010), http://epic.org/privacy/airtravel/backscatter/TSA_05_28_10_WBI_Resp.pdf.
[7] *Id.* at 12.
[8] Transportation Security Administration, Automatic Target Recognition Algorithms Development For Advanced Imaging Technology (June 9, 2010), https://www.fbo.gov/index?s=opportunity&mode=form&id=4c53238a8c790e8312e6fefac33903ed&tab=core&_cview=1
[9] *Id.*
[10] Gale D. Rossides, Letter in Response to Privacy Concerns, (Feb 24, 2010), http://epic.org/privacy/airtravel/backscatter/TSA_Reply_House.pdf.
[11] Kerner, *supra* note 6, at 10.
[12] *Id.*
[13] *Id.*

2

Request for "News Media" Fee Status

EPIC is a non-profit, educational organization that routinely and systematically disseminates information to the public. This is accomplished through several means. First, EPIC maintains a heavily visited website (http://www.epic.org/) that highlights the "latest news" concerning privacy and civil liberties issues. The site also features scanned images of documents EPIC obtains under the FOIA. Second, EPIC publishes a bi-weekly electronic newsletter that is distributed to nearly 20,000 readers, many of whom report on technology issues for major news outlets. The newsletter reports on relevant policy developments of a timely nature (hence the bi-weekly publication schedule). It has been published continuously since 1996, and an archive of past issues is available at our website. Finally, EPIC publishes and distributes printed books that address a broad range of privacy, civil liberties and technology issues. A list of EPIC publications is available at our website.

For the foregoing reasons, EPIC clearly fits the definition of "representative of the news media" contained in the FOIA and 6 C.F.R. § 5.11(b)(6). Indeed, the U.S. District Court for the District of Columbia has specifically held that EPIC is "primarily engaged in disseminating information" for the purposes of expedited processing,[14] and is a "representative of the news media" for fee waiver purposes.[15] Based on our status as a "news media" requester, we are entitled to receive the requested records with only duplication fees assessed. Further, because disclosure of this information will "contribute significantly to public understanding of the operations or activities of the government," as described above, any duplication fees should be waived.

Thank you for your consideration of this request. As the FOIA and 5 U.S.C. § 552 provide, I will anticipate your determination on our request within twenty (20) working days. Should you have any questions about this request, please feel free to contact me at (202) 483-1140, ext. 123.

Sincerely,

Gautam Hans
EPIC Clerk

John Verdi
Director, EPIC Open Government Project

---

[14] *American Civil Liberties Union v. Department of Justice*, 321 F. Supp. 2d 24, 29 n.5 (D.D.C. 2004).
[15] *Electronic Privacy Information Center v. Department of Defense*, 241 F. Supp. 2d 5 (D.D.C. 2003).

3