## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                                    )
**ELECTRONIC PRIVACY INFORMATION CENTER**           )
                                                    )
      **Plaintiff,**                               )
                                                    )
      **v.**                                       )  **Civil Action No. 11-00290 (ABJ)**
                                                    )
**THE UNITED STATES TRANSPORTATION**                )
**SECURITY ADMINISTRATION**                         )
                                                    )
      **Defendant.**                               )
_____    )

### RESPONSE TO ORDER TO SHOW CAUSE

      Counsel for Plaintiff the Electronic Privacy Information Center ("EPIC") hereby files his response to the Court's June 13, 2011 Order to show cause why sanctions should not be imposed for his non-appearance at the June 13, 2011 Initial Status Conference ("ISC") in this matter.

      Counsel deeply regrets the inconvenience he caused the Court and Defendant. Counsel assures the Court that he will not repeat the error that led to his failure to appear at the ISC.

      As described below, sanctions should not be imposed because: 1) counsel made a good-faith effort to ensure that EPIC was represented at the ISC; 2) an attorney representing EPIC arrived in court with the intent of representing EPIC at the ISC; and 3) when counsel was notified that the attending EPIC attorney was not a member of the bar of this Court, counsel sought to expeditiously remedy his error by moving for the attending attorney's admission *pro hac vice*. Counsel's failure to appear was unintentional, resulted from an honest mistake, and is not part of a larger pattern of noncompliance with Court orders.

## Legal Standard

"On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference …" Fed. R. Civ. P. 16. Trial courts have considerable discretion concerning the imposition of sanctions. *National Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 642 (1976).

Courts typically impose sanctions for repeated, willful violations of court orders. *See, e.g., id*. at 640-41 (imposing sanctions for a seventeen-month delay in responding to discovery, failure to comply with court orders despite multiple extensions of time, and bad faith violations of numerous court-imposed deadlines); *S.E.C. v. Hollywood Trenz, Inc.*, 202 F.R.D. 3, 7 (D.D.C. 2001) (imposing sanctions for "repeated, willful violations" of four court orders and observing that "the court has already fired numerous warning shots, to no avail."); *Encinas v. J.J. Drywall Corp.*, No. 08-1156 (RWW) 2010 WL 2541027 at *1 (D.D.C. June 18, 2010) (memorandum order) (imposing sanctions after defendant "fail[ed] to defend this case," failed to appear at initial scheduling conference, and failed to respond to show cause order).

## Factual Background

EPIC filed this Freedom on Information Act lawsuit on February 2, 2011. Undersigned counsel, John Verdi, signed EPIC's Complaint, and the clerk entered his appearance in this case. Mr. Verdi is a member in good standing of the bar of this Court. Verdi Aff. at ¶2.

On May 16, 2011, the Court set the ISC for 10:30 am on June 13, 2011, and ordered the parties to file a Joint Report pursuant to Local Rule 16.3 by June 6, 2011. Prior to June 6, 2011, the parties met, conferred, and agreed to a proposed briefing schedule. On June 6, 2011, the parties filed a joint meet and confer statement.

**The June 13, 2011 ISC**

Prior to the Court's order setting the ISC for 10:30 a.m. on June 13, 2011, Mr. Verdi

committed to speaking at a conference, "Getting IT Right: Protecting Patient Privacy Rights in a

Wired World." Verdi Aff. at ¶5. Mr. Verdi's panel, "Secondary Uses of Personal Health

Information in Health Databases – implications of *Sorrell vs. IMS Health*" was scheduled to

begin at 10:40 a.m. on June 13, 2011. Verdi Aff. at ¶6.

Rather than ask Defendant and the Court to reschedule the ISC, Mr. Verdi asked another

EPIC attorney, Ginger McCall, to represent EPIC at the ISC. Verdi Aff. at ¶7. Ms. McCall is

EPIC's Open Government Counsel. McCall Aff. at ¶4. She is knowledgeable about the Freedom

of Information Act requests giving rise to this lawsuit, familiar with the procedural posture of

this case, and participated in the meet and confer telephone conference with Mr. Verdi and

Defendant's counsel in this matter. Verdi Aff. at ¶8; McCall Aff. at ¶5.

Ms. McCall is a member in good standing of the bar of the District of Columbia. McCall

Aff. at ¶2. Ms. McCall's DC Bar Number is 1001104. McCall Aff. at ¶3. Prior to June 13, 2011,

Ms. McCall had a good-faith belief that she was also member of the bar of this Court. McCall

Aff. at ¶6. Prior to June 13, 2011, Mr. Verdi had a good-faith belief that Ms. McCall was a

member of the bar of this Court. Verdi Aff. at ¶9.

On June 9, 2011, Ms. McCall attempted to register for this Court's electronic case filing

("ECF") system and electronically file her Notice of Appearance in this case. McCall Aff. at ¶7.

Ms. McCall submitted her ECF registration form via email (per instructions received from the

ECF Help Desk). Ms. McCall's ECF registration was neither accepted nor rejected prior to June

13, 2011. McCall Aff. at ¶8.

After speaking to the ECF help desk, Ms. McCall prepared one printed original and several copies of her Notice of Appearance in this case. McCall Aff. at ¶9. Ms. McCall intended to file her printed notice of appearance with the Office of the Clerk on June 13, 2011 prior to the ISC. McCall Aff. at ¶10. Both Ms. McCall and Mr. Verdi had good-faith beliefs that Ms. McCall was a member of the bar of this Court, and that such a filing would be proper. Verdi Aff. at ¶10; McCall Aff. at ¶11.

At approximately 9:15 a.m. on June 13, 2011, Ms. McCall arrived at the office of the Clerk of the Court. McCall Aff. at ¶12. She attempted to file her notice of appearance in this case. McCall Aff. at ¶13. She intended to hand deliver a copy of her notice of appearance to Defendant's counsel at the ISC, and also brought additional copies for the Court. McCall Aff. at ¶14. The Clerk of the Court informed Ms. McCall that she is not a member of the bar of this Court. McCall Aff. at ¶15. At 9:47 a.m., Ms. McCall informed Mr. Verdi of the situation *via* cell phone. Verdi Aff. at ¶11.

In an attempt to ensure that EPIC was represented at the ISC, and that Ms. McCall would be able to properly appear before the Court, Mr. Verdi told Ms. McCall that he would move for her admission *pro hac vice*. Verdi Aff. at ¶12. At that time, Mr. Verdi did not have access to a computer. Verdi Aff. at ¶13. Mr. Verdi directed and authorized another EPIC attorney to prepare and file his motion to admit Ms. McCall *pro hac vice*. Verdi Aff. at ¶14. Ms. McCall worked with the EPIC attorney to draft the declaration that accompanied the *pro hac vice* motion. McCall Aff. at ¶16.

At 10:02 a.m., Mr. Verdi spoke to the Deputy Clerk of the Court, described counsel's misunderstanding concerning Ms. McCall's bar status, and stated that the *pro hac vice* motion would be filed shortly. Verdi Aff. at ¶15. At 10:06 a.m., Mr. Verdi spoke to Ms. McCall

concerning the *pro hac vice* motion and verified that she would attend the ISC. Verdi Aff. at ¶16; McCall Aff. at ¶17. Between 10:18 a.m. and 10:22 a.m., Mr. Verdi discussed the *pro hac vice* motion with the EPIC attorney preparing motion. Verdi Aff. at ¶17. At this time, Mr. Verdi calculated that he would be unable to travel from the conference site (Georgetown University Law Center) to the Court, clear security, and locate the appropriate courtroom in time to attend the ISC himself. Verdi Aff. at ¶18. Counsel's motion to admit Ms. McCall *pro hac vice* was filed at 10:29 a.m. Dkt. No. 6. Ms. McCall attended the ISC. McCall Aff. at ¶18. She informed the Court of the error concerning her bar status, as well as the filing of the *pro hac vice* motion. McCall Aff. at ¶19.

On June 13, 2011, the Court entered a minute entry stating "Case called for an Initial Scheduling Conference, but not held." On the same date, the Court denied EPIC's motion to admit Ms. McCall *pro hac vice*.

### The Court Should Not Impose Sanctions

Counsel deeply regrets the errors and confusion that led to his failure to appear at the ISC. However, the Court should not impose sanctions. Counsel's failure to appear was the result of an honest mistake concerning Ms. McCall's bar status, and was neither a willful violation of the Court's Order nor part of a pattern of misconduct.

Counsel's failure to appear was not willful. *Compare* Verdi Aff. at ¶19 (failure to appear was not willful) *with Hollywood Trenz*, 202 F.R.D. at 7 (sanctioning "willful violations"). Rather, it was the result of a good-faith error concerning Ms. McCall's bar status. *Compare* Verdi Aff. at ¶19 (failure to appear result of good faith mistake) *with National Hockey League*, 427 U.S. at 640-41 (sanctioning bad faith refusal to comply with court orders). Counsel's failure to appear is not part of a larger pattern of failure to comply with Court orders or deadlines.

*Compare* Verdi Aff. at ¶20 (failure to appear was single occurrence) *with National Hockey League*, 427 U.S. at 640-41 (sanctioning repeated, long-running failures to comply with court deadlines). Counsel has complied with all other deadlines in this matter. Verdi Aff. at ¶21. In fact, over the course of his approximately eight years of legal practice, counsel has never previously failed to appear at an ISC, a hearing, a deposition, or any other court-related event. Verdi Aff. at ¶22.

As discussed above, counsel made a good-faith effort to ensure that EPIC was represented at the ISC. Prior to June 13, 2011, counsel had a good-faith belief that Ms. McCall was a member of the bar of this Court. Counsel arranged for Ms. McCall, a fellow EPIC attorney who is familiar with this case, to appear on behalf of EPIC at the ISC. After being notified of the error, counsel immediately caused to be filed a *pro hac vice* motion in an attempt to remedy his mistake.

Counsel's good-faith efforts aside, Mr. Verdi recognizes that it is ultimately his responsibility, as counsel of record, to appear at all scheduled Court proceedings.

Counsel respectfully asks the Court to not impose sanctions, good cause having been shown as set forth above. A proposed order is attached.

Respectfully submitted,

By: _____*/s/ John Verdi*_____
John Verdi, Esquire (DC Bar # 495764)
ELECTRONIC PRIVACY INFORMATION
CENTER
1718 Connecticut Avenue, N.W.
Suite 200
Washington, D.C. 20009
(202) 483-1140 (telephone)
(202) 483-1248 (facsimile)

Dated:  June 17, 2011

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 17th day of June 2011, I served the foregoing RESPONSE TO ORDER TO SHOW CAUSE, including all exhibits and attachments, by electronic case filing upon:


JESSE Z. GRAUMAN
U.S. Department of Justice
Civil Division, Federal Programs Branch


_____*/s/ John Verdi*_____
John Verdi
*Counsel for Plaintiff*