IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | )  No. 1:11-00290 (RCL) ) |
| UNITED STATES TRANSPORTATION SECURITY ADMINISTRATION, | ) ) ) ) |
| Defendant. | ) ) ) |

**PLAINTIFF'S REPLY IN OPPOSITION TO DEFENDANT'S MOTION
TO FILE SUR-REPLY**

Plaintiff opposes Defendant's request to file a sur-reply in this case. Defendant erroneously states that EPIC concedes that it "engaged in double billing." Dkt. No. 31 at 1. EPIC specifically did not concede this point. Dkt. No. 30. If Defendant is allowed to file its Surreply, EPIC respectfully requests leave to file a Sur-Surreply to respond in full to the government's claims.

**I. EPIC's Reply in Support of its Motion for Attorneys' Fees and Costs Presented No New Information**

As an initial matter, DHS should not be granted leave to file a surreply. "The Local Rules of this Court contemplate that there ordinarily will be at most three memoranda associated with any given motion: (i) the movant's opening memorandum; (ii) the non-movant's opposition; and (iii) the movant's reply." *Banner Health v. Sebelius*, 905 F. Supp. 2d 174 (D.D.C. 2012) (motion for leave to file sur-reply denied). In this Court, "[s]urreplies are generally disfavored, and are especially so where the proponent cites 'amplification' of an issue already addressed as a justification." *Glass v. Lahood*, 786 F. Supp. 2d 189, 231 (D.D.C. 2011) *aff'd,* 11-5144, 2011

WL 6759550 (D.C. Cir. Dec. 8, 2011). This court has permitted surreplies only "when the nonmovant is deprived of the opportunity to contest matters raised for the first time in the movant's reply." *Banner Health*, 905 F. Supp. 2d at 174.

The government, here the non-movant, seeks to contest EPIC's statement in its Reply in Support of Attorney's Fees that "EPIC's billing practices in this case were nothing short of reasonable." EPIC presented no new information in its Reply than was already available on the public record and as part of detailed fee negotiations with the Agency. Far from bringing up a matter for the first time in its Reply, EPIC's discussion of its billing practices was a response to the entire third section of the government's Motion in Opposition entitled "EPIC's Identical Entries In This Case and Another FOIA Action Raise Inferences of Double-Billing." Dkt. No. 25 at 24. Clearly, the government has had the opportunity to contest EPIC's billing practices, and it has addressed those issues in a previous filing. Since the government seeks to "amplify" the billing discussion in its surreply, its motion for leave to file should not be granted. *See Glass*, 786 F. Supp. 2d at 231.

Furthermore, EPIC did not "confirm[] that double-billing occurred," as the government contends. Dkt. 31 at 2. In fact, EPIC specifically stated, "[t]he fees that EPIC seeks are those to which it is entitled to under statute." Dkt. 30 at 14. As EPIC noted, DHS and TSA, its subcomponent, specifically requested to engage in tandem fee negotiations in two cases against EPIC, specifically *EPIC v. DHS*, 10-01992 and *EPIC v. TSA*, 11-00290. EPIC engaged in reasonable billing practices in light of this request, though it necessarily meant that hours worked on conferences and other interactions became inextricably intertwined and there was no rational method for dividing up the time between the two cases. EPIC has been transparent and straightforward with both the Court and the defendants regarding EPIC's billing practices and

how time was spent on these two matters. EPIC's billing statements in these cases do not represent a traditional "bill" that requires payment in full, but a representation to the Court of the hours worked in a specific manner. *Nat'l Ass'n of Concerned Veterans v. Sec'y of Def.*, 675 F.2d 1319, 1327 (D.C. Cir. 1982) (holding that "the fee application must also contain sufficiently detailed information about the hours logged and the work done. This is essential not only to permit the District Court to make an accurate and equitable award but to place government counsel in a position to make an informed determination as to the merits of the application"). Courts regularly and consistently exercise discretion in these billing statements to determine what hours are proper in a certain case. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). There are many reasons that Courts have found to grant fees in one case that are denied in another. EPIC's billing statement recognizes this common occurrence and the unique circumstances of this case, and leaves it to the Court's discretion to credit EPIC appropriately for work performed in a specific manner without allowing duplicate fees.

## II. If This Court Grant's the Defendant's Request to File a Surreply, EPIC Should be Allowed to File a Sur-Surreply

In the event that this Court grants the Defendant's request to file a surreply, EPIC should be permitted to respond to Defendant with a sur-surreply. *See J.S.R. v. Washington Hosp. Ctr. Corp.*, CIVA 09-693 GK, 2009 WL 3246387 (D.D.C. Oct. 8, 2009) (granting Plaintiffs' Motion for Leave to File a Sur–Surreply).

Respectfully submitted,

MARC ROTENBERG

_____/s/ Ginger P. McCall_____
GINGER P. MCCALL

3

                                                AMIE STEPANOVICH
                                               Electronic Privacy Information Center
                                               1718 Connecticut Ave. NW
                                               Suite 200
                                               Washington, DC 20009
                                               (202) 483-1140
                                               *Counsel for Plaintiff*

Dated: June 6, 2013