UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER,  )<br><br>Plaintiff,  )<br><br>v.  )<br><br>UNITED STATES TRANSPORTATION SECURITY ADMINISTRATION,  )<br><br>Defendant.  ) | Civil Action No. 11-290 (RCL) |

## MEMORANDUM OPINION

Before the Court is plaintiff Electronic Privacy Information Center's (EPIC) motion for attorneys' fees and costs [ECF No. 28] against defendant U.S. Transportation Security Administration (TSA). After considering the motion, the response and reply thereto [ECF Nos. 29–30], and the record herein, the Court will award EPIC $9,373.34 in fees and costs. EPIC may also move the Court for an additional $1,798.10, but only if TSA's settlement offer was for less than $9,373.34.

### I.  BACKGROUND

The facts and law applicable to this case are substantially similar to those in another case submitted this day, *Elec. Privacy Info. Ctr. v. U.S. Dep't of Homeland Sec.*, Civil No. 10-1992 (RCL). The most relevant difference is that there were more costs here associated with the TSA's voluntary production of documents in August 2011. Another difference is that here, EPIC prevailed on a challenge to exemption 5 rather than 4, and it dedicated relatively more pages to

it. Even though EPIC got only portions of ten pages as a result, *see EPIC. v. TSA*, 928 F. Supp. 2d 156, 164 (D.D.C. 2013), a fraction of what it sought, the Court will not reduce EPIC's fees further on that account because of the common legal questions involved under exemption 5. As for other factual differences, the Court will mention them only as needed in applying the law.

## II. LEGAL STANDARD

For a discussion of the law applicable to this case, please refer to *EPIC v. DHS*, Civil No. 10-1992.

## III. ANALYSIS

### a. Fees for causing TSA's voluntary production of documents in August 2011.

TSA concedes that EPIC is entitled to fees and costs associated with TSA's voluntary production of documents in August 2011, but disputes the amount. In addition to the $350 filing fee, EPIC seeks $2,539.50 in fees before August 2011. *See* ECF No. 28-3 at 1. That number must be reduced.

First, the Court agrees that EPIC should not get fees for time drafting a motion to appear pro hac vice that was denied. *Cf. Am. Wrecking Corp. v Sec'y of Labor*, 364 F.3d 321, 331 (D.C. Cir. 2004) ("[T]ime spent gaining admittance to the bar of this court should not be counted as attorney fees for purposes of the EAJA."). The Court also agrees that EPIC cannot claim "fees for time spent responding to the Court's order for EPIC to show cause." Def.'s Opp'n 20. Taking those reductions into account, that brings the pre-August 2011 total (including the filing fee) to $2,102.

Next, the Court must also reduce some of the remaining pre-August hours, all of which were logged by Ms. Stepanovich, an attorney who was admitted to the New York State Bar on January 20, 2011, *see* ECF No. 30-2, but was not barred in D.C. until 2013. The first two

entries, both from 2010, must be reduced from the $230 hourly rate to $135, the paralegal clerk rate that was applicable at the time, U.S. DEP'T OF JUST., *Laffey Matrix – 2002-2012*, http://www.justice.gov/usao/dc/divisions/civil_Laffey_Matrix_2003-2012.pdf, because Ms. Stepanovich had not yet been admitted to any bar. The remaining pre-August hours may remain intact because they do not involve filing papers in this Court (which would require membership in the D.C. Bar and the bar of this Court). The fees for pre-August hours are therefore $1,722.

      **b. Fees for litigating the summary judgment motion.**

The next time period to consider is from August 2011 to March 21, 2013, when fee litigation began. EPIC seeks $16,557 in fees for that period. The Court will reduce that number in accordance with EPIC's limited success on its summary judgment motion. Using the D.C. Circuit's test in *Judicial Watch, Inc. v. U.S. Department of Commerce*, 2007 U.S. App. LEXIS 2337, at *2–*4 (D.C. Cir. 2007), this Court finds that EPIC dedicated about 13 pages of argument out of 33, or 39.3939…%, to exemption 5 (the winning issue). *See* ECF No. 14-1 at 6–24; No. 18 at 2–15. Taking that percentage of $16,557, the Court will award EPIC $6,522.45 in fees for work on the summary judgment merits. So EPIC's total for fees and costs on the merits is $8,244.45, or about 42.4% of what EPIC sought ($19,446.50).

      **c. Fees on fees up to April 12, 2013.**

TSA made a settlement offer under Federal Rule of Civil Procedure 68 on April 12, 2013. Accordingly, the Court will split fees incurred up to that date from fees incurred after. For fees on fees incurred up to April 12th, EPIC seeks $5065.50. The Court will remove $882 for attorneys who participated in the March 2013 conferences without taking part in this litigation beforehand, leaving $4,183.50. The Court will then reserve $571 for unique entries and halve the rest for double billing with *EPIC v. DHS*. As a result, the subtotal is $2,662.75.

Finally, taking the same percentage of the subtotal as the fees on the merits awarded to fees on the merits sought, the pre-April 2013 fees on fees amount to $1,128.89.  Thus, EPIC's total for fees and costs incurred up to April 12, 2013, equals $9,373.34.

### d. Fees on fees after April 12, 2013.

EPIC seeks $6,070 for fees incurred after the Rule 68 offer (including fees for the reply.  First, $49 is eliminated for Ms. Barnes' affidavit because she logged hours for the March 2013 conferences and nothing more.  Then, $2,521.50 is reserved for billing unique to this case and the rest is halved.  The subtotal is now $4,271.25.  After taking the appropriate percentage of the subtotal, EPIC's post-offer fees equal $1,810.82.

## IV.   CONCLUSION

For the foregoing reasons, EPIC is entitled to $9,373.34 in attorneys' fees and costs. EPIC may be entitled to $1,810.82 more, but only if TSA's Rule 68 offer was for less than $9,373.34.  To that end, EPIC may move the Court for the additional $1,810.82 if the offer was for less than $9,373.34.  But if the offer was for that much or more, TSA may move for post-offer costs, if any.

Signed by Royce C. Lamberth, U.S. District Judge, on October 15, 2013.